W. KIRK MOORE Bar # 244764
LEGAL HELPERS, P.C.
564 Market Street, Suite 300
San Francisco, CA 94104
Telephone:  866-339-1156
Email: wmo@legalhelpers.com

Attorney for Plaintiff
ALICE CHAN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| Alice Chan<br>2208 E. 29th St.<br>Oakland, CA 94606<br><br>        Plaintiff,<br><br>v.<br><br>Investment Retrievers, Inc.<br>c/o Joel I. Cohen, Registered Agent<br>4511 Golden Foothill Pkwy #3<br>El Dorado Hills, CA 95762<br><br>        Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections

    Practices Act (FDCPA), 15 U.S.C. §1692 and under Supplementary Jurisdiction

    pursuant to 28 U.S.C. § 1367(a).  Venue is proper in this district because this is the

    judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2.  The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3.  Defendant is a corporation doing business primarily as a consumer debt collector.

4.  Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5.  Defendant is a debt collector as defined in California Civil Code § 1788.2(c).

6.  The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7.  This matter involves a consumer transaction as defined by California Civil Code §1788.2(e)

8.  The debt in question qualifies as a debt as defined by 15 U.S.C. §1692a(5) and California Civil Code §1788.2(f).

9.  Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

10. All of Defendant's actions occurred within one year of the date of this Complaint.

11. On or around May 25, 2007, Defendant contacted Plaintiff regarding Plaintiff's debt and accused Plaintiff of identity theft and credit card fraud.

12. During the communication referenced above in paragraph 11, Defendant threatened to report Plaintiff to the police if Plaintiff did not call Defendant back by May 29, 2007 to make payment arrangements.

13. On or around May 29, 2007, Defendant contacted plaintiff regarding Plaintiff's debt.

14. During the communication referenced above in paragraph 13, Plaintiff informed Defendant that Plaintiff was seeking the help of a debt management company and Defendant replied that Defendant would not work with a debt reduction program, that Plaintiff would be served with a summons, and Defendant terminated the call immediately thereafter.

**15.** Plaintiff is emotionally distraught and has been compelled to hire counsel to

prosecute this action.

**16.** Defendant has damaged Plaintiff emotionally and mentally and has caused substantial

anxiety and stress.

**17.** Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

**18.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**19.** The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its

conversations with Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

**20.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**21.** The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly

state that they could control the decision to litigate and the timing and scope of the

litigation, when in fact this would be an attorney decision.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

**22.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**23.** The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such

action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

**24.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**25.** The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Rosenthal Fair Debt Collection Practices Act

**26.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**27.** The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C.

§1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

### Violation of the Rosenthal Fair Debt Collection Practices Act

**28.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**29.** The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C.

§1692e, generally, by having non-attorneys overtly state that they could control the

decision to litigate and the timing and scope of the litigation, when in fact this would

be an attorney decision.

## COUNT SEVEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

**30.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**31.** The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C.

§1692e in that it threatened legal action where such action was not contemplated, and

stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

**32.** Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**33.** The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C.

§1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## JURY DEMAND

**34.** Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**35.** Plaintiff prays for the following relief:

a.  Judgment against Defendant for actual damages, statutory damages

pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees

pursuant to 15 U.S.C. §1692k.

b.  Judgment against Defendant for actual damages, statutory damages, costs,

and reasonable attorney's fees pursuant to The Rosenthal Fair Debt

Collection Practices Act.

c.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:＿＿＿s/ W. Kirk Moore＿＿＿＿＿＿＿＿＿
    W. Kirk Moore
    Bar # 244764
    Attorney for Plaintiff
    564 Market Street, Ste. 300
    San Francisco, CA 94104
    Telephone:  866-339-1156
    Email:  wmo@legalhelpers.com