1  Mark E. Ellis - 127159
   Andrew M. Steinheimer - 200524
2  ELLIS, COLEMAN, POIRIER, LAVOIE,
     & STEINHEIMER LLP
3  555 University Avenue, Suite 200 East
   Sacramento, CA  95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5
   Attorneys for INVESTMENT RETRIEVERS, INC.
6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             OAKLAND DIVISION

11

| | |
|---|---|
| 12  ALICE CHAN, | Case No.:  C 07 5178 MMC |
| 13         Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 14  v. | |
| 15  INVESTMENT RETRIEVERS, INC., | |
| 16         Defendant. | |
| 17 | |

18

19

20

21        Defendant INVESTMENT RETRIEVERS, INC., hereby responds to plaintiff's Complaint as

22  follows:

23
          1.    As to Paragraph 1, Defendant does not contest jurisdiction at this time.
24

25        2.    As to Paragraph 2, Defendant lacks information necessary to admit or deny this

26  allegation and on that basis denies this allegation.

27
          3.    As to Paragraph 3, Defendant admits this allegation.
28

- 1 -

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

4. As to Paragraph 4, Defendant admits this allegation.

5. As to Paragraph 5, Defendant admits this allegation.

6. As to Paragraph 6, Defendant lacks information necessary to admit or deny this allegation and on that basis denies this allegation.

7. As to Paragraph 7, Defendant lacks information necessary to admit or deny this allegation and on that basis denies this allegation.

8. As to Paragraph 8, Defendant lacks information necessary to admit or deny this allegation and on that basis denies this allegation.

9. As to Paragraph 9, Defendant admits this allegation.

10. As to Paragraph 10, this allegation is vague as to what actions plaintiff is referring. Defendant denies this allegation.

11. As to Paragraph 11, Defendant denies these allegations.

12. As to Paragraph 12, Defendant denies these allegations.

13. As to Paragraph 13, Defendant admits this allegation.

14. As to Paragraph 14, Defendant admits that plaintiff informed defendant that she had enrolled with a debt management company. Defendant admits that plaintiff was informed that defendant would pursue litigation. Defendant denies any other allegations therein.

15. As to Paragraph 15, Defendant denies these allegations.

16. As to Paragraph 16, Defendant denies these allegations.

17. As to Paragraph 17, Defendant denies this allegation.

18. As to Paragraph 18, Defendant incorporates its responses to paragraphs 1-17 as if set

forth in full herein.

19. As to Paragraph 19, Defendant denies this allegation.

20. As to Paragraph 20, Defendant incorporates its responses to paragraphs 1-19 as if set forth in full herein.

21. As to Paragraph 21, Defendant denies this allegation.

22. As to Paragraph 22, Defendant incorporates its responses to paragraphs 1-21 as if set forth in full herein.

23. As to Paragraph 23, Defendant denies this allegation.

24. As to Paragraph 24, Defendant incorporates its responses to paragraphs 1-23 as if set forth in full herein.

25. As to Paragraph 25, Defendant denies this allegation.

26. As to Paragraph 26, Defendant incorporates its responses to paragraphs 1-25 as if set forth in full herein.

27. As to Paragraph 27, Defendant denies this allegation.

28. As to Paragraph 28, Defendant incorporates its responses to paragraphs 1-27 as if set forth in full herein.

29. As to Paragraph 29, Defendant denies this allegation. .

30. As to Paragraph 30, Defendant incorporates its responses to paragraphs 1-29 as if set forth in full herein.

31. As to Paragraph 31, Defendant denies this allegation.

32. As to Paragraph 32, Defendant incorporates its responses to paragraphs 1-31 as if set

forth in full herein.

33.    As to Paragraph 33, Defendant denies this allegation.

34.    As to Paragraph 34, this paragraph does not contain matters that need to be admitted or denied.

35.    As to Paragraph 35, Defendant denies that plaintiff is entitled to the relief requested or any relief at all.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

54.    Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

55.    Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

56.    Defendant alleges that Plaintiff herself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

57.    Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

58.    Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### SIXTH AFFIRMATIVE DEFENSE

59. Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

### SEVENTH AFFIRMATIVE DEFENSE

60. Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

### EIGHTH AFFIRMATIVE DEFENSE

61. Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Plaintiff is also estopped from maintaining this action.

### NINTH AFFIRMATIVE DEFENSE

62. Defendant alleges that Defendant's conduct was privileged pursuant to **Civil Code Section 47** and/or common law privileges under state and federal law, and as a result, the Complaint, and each cause of action thereof, is barred.

### TENTH AFFIRMATIVE DEFENSE

63. Plaintiff's claim is subject to the defense of set-off and defendant is entitled to set-off any recovery by Plaintiff by the amount of any outstanding debts.

### ELEVENTH AFFIRMATIVE DEFENSE

64. Defendant alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### TWELFTH AFFIRMATIVE DEFENSE

65. Defendant alleges that all of its actions were taken in good faith without intent to injure plaintiff and with a reasonable belief that such actions were lawful.

### THIRTEENTH AFFIRMATIVE DEFENSE

66. Defendant is informed and believes and thereon alleges that it has no civil liability pursuant to **15 U.S.C. § 1692k(c) and Civil Code 1788.30(e)**, as any violation was unintentional and resulted despite the maintenance of procedures reasonably adopted to avoid any such violation.

### FOURTEENTH AFFIRMATIVE DEFENSE

67. Defendant alleges that any actions taken by it that were raised in Plaintiff's Complaint,

and the causes of actions therein, were fair, not unconscionable, and effected by non-deceptive and lawful means.

### FIFTEENTH AFFIRMATIVE DEFENSE

68. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Plaintiff failed to comply with the dispute mechanism set forth by the Fair Debt Collection Practices Act, pursuant to **Bleich v. Revenue Maximization Group, Inc.**, 233 F.Supp.2d 496 (E.D. N.Y. 2002).

### SIXTEENTH AFFIRMATIVE DEFENSE

69. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its clients pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

### SEVENTEENTH AFFIRMATIVE DEFENSE

70. Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

71. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For costs of suit incurred herein; and
4. For reasonable attorney's fees pursuant to statute including, but not limited to, 15 U.S.C. § 1692k(a)(3), Civil Code § 1785.31(e) and Civil Code § 1788.30(e); and

//

//

5. For such other and further relief as the Court deems proper.

Dated: December 23, 2007

                     ELLIS, COLEMAN, POIRIER, LAVOIE, &
                     STEINHEIMER LLP

By _____
    Andrew M. Steinheimer
    Attorney for Defendant
    INVESTMENT RETRIEVERS, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

Defendant Investment Retrievers, Inc., hereby demands trial by jury.

Dated: December 23, 2007

                      ELLIS, COLEMAN, POIRIER, LAVOIE, &
                      STEINHEIMER LLP

By _____
     Andrew M. Steinheimer
     Attorney for Defendant
     INVESTMENT RETRIEVERS, INC.